IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>LOUIS DELYNN HANSEN<br><br>Defendant. | **MEMORANDUM DECISION AND ORDER ON OBJECTION TO JURSIDICTION AND CONTINUING JURY TRIAL**<br><br>Case No. 2:16-cr-534<br><br>Judge Clark Waddoups |

Defendant Louis DeLynn Hansen was indicted for violations of 26 U.S.C. § 7201 (Attempt to Evade or Defeat Tax) and 26 U.S.C. § 7212(a) (Impeding Internal Revenue Laws). (Dkt. No. 1.) At a hearing on January 9, 2017, the court granted Dr. Hansen's request to represent himself with standby counsel. The court also rejected Dr. Hansen's challenge to the court's jurisdiction during the hearing. (*See* Dkt. No. 36.)

Dr. Hansen objects to the court's ruling rejecting his jurisdictional challenges, (Dkt. No. 39), and has filed another opposition to the court's jurisdiction in this case, (Dkt. No. 40). The government has responded. (Dkt. No. 41.) Dr. Hansen has also filed a "Notice of Default." (Dkt. No. 51.)

In his filings, Dr. Hansen reiterates his objection to the court's jurisdiction over this matter, stating "I am not a U.S. citizen . . . I'm an American State National." (Dkt. No. 29, p. 3.) He argues that the court has not established jurisdiction "on the record," (*id.*), and protests that he did not consent to the court's jurisdiction, (*see* Dkt No. 40, p. 2). Dr. Hansen states that he has "abandoned" his U.S. citizenship and "revoked his election to pay federal income taxes, effective

1

July 1, 2004, nunc pro tunc." (*Id.* at 3–4.) He believes that no United States District Court has authority to enter judgments against him. (*Id.* at 5.)

The court will construe Dr. Hansen's filings as a motion to reconsider the court's prior ruling rejecting his jurisdictional challenges. *See United States v. Christy*, 739 F.3d 534, 539 (10th Cir. 2014) ("Motions to reconsider are proper in criminal cases even though the Federal Rules of Criminal Procedure do not specifically provide for them."). "A motion to reconsider may be granted when the court has misapprehended the facts, a party's position, or the law." *Id.* Although a motion to reconsider "should not be used to revisit issues already addressed," the court will address Dr. Hansen's request for reconsideration due to the unique circumstances this case presents, including Dr. Hansen's self-representation and the serious consequences Dr. Hansen faces if convicted of the offenses charged in the Indictment. *See id.* at 539–40 (noting a district court has discretion to reconsider a prior ruling).

The court concludes it has not misapprehended the facts, Dr. Hansen's position, or the law in this case. First, federal district courts have original jurisdiction over "all offenses against the laws of the United States" under 18 U.S.C. § 3231, including offenses under Title 26. *United States v. Masat*, 948 F.2d 923, 934 (5th Cir. 1991); *United States v. Collins*, 920 F.2d 619, 629 (10th Cir. 1990). Moreover, Article I, section 8 of the United States Constitution "empowers Congress to create, define and punish crimes, irrespective of where they are committed," and the Sixteenth Amendment "also empowers Congress to create and provide for the administration of an income tax." *Collins*, 920 F.2d at 629. Here, the Indictment clearly charges two offenses under Title 26—specifically, 26 U.S.C. § 7201 and 7212(a)—and Dr. Hansen was properly served and summoned to defend against these charges, (*see* Dkt. Nos. 2, 3 & 4; *Collins*, 920 F.2d at 629 (finding "the statute under which defendant was charged and convicted, 26 U.S.C. § 7201,

plainly falls within [the federal court's] authority")). This court has both subject matter jurisdiction over these offenses and personal jurisdiction over Dr. Hansen to try him for these charges. *See Masat*, 948 F.2d at 934 (finding district court had subject matter jurisdiction to try tax evasion charges and personal jurisdiction over criminal defendant appearing before it); *United States v. Rendon*, 354 F.3d 1320, 1326 (11th Cir. 2003) (noting "[a] federal district court has personal jurisdiction to try any defendant brought before it on a federal indictment charging a violation of federal law").

Dr. Hansen's argument that he has repudiated his citizenship and any obligation to pay federal income tax does not affect the validity of this prosecution by federal authorities. As the Tenth Circuit has explained, "[e]fforts to argue that federal jurisdiction does not encompass prosecutions for federal tax evasion have been rejected as either 'silly' or 'frivolous' by a myriad of courts throughout the nation." *Collins*, 920 F.2d at 629. The *Collins* court found the defendant's contention that he "was not an 'individual' under the Internal Revenue Code . . . frivolous." *Id.* Other courts have similarly rejected jurisdictional challenges like Dr. Hansen's. *See United States v. Moore*, 21 F.3d 1122, at *2 (10th Cir. 1994) (unpublished table decision) (rejecting defendant's arguments that "there is no 'contract' granting jurisdiction" and that he is a "'nonresident' of the 'U.S.'" because he is citizen of Oklahoma and therefore the federal income tax does not apply to him); *United States v. Novotny*, 968 F.2d 22, at *2 (10th Cir. 1992) (unpublished table decision) (rejecting challenge to district court's jurisdiction to convict defendant of federal offense because defendant claimed to be a "free citizen"); *Masat*, 948 F.2d at 934 (finding defendant's argument that federal court lacked personal jurisdiction over him because he was a "non-citizen," "non-resident," and "freeman" frivolous); *United States v. Schmitt*, 784 F.2d 880, 882 (8th Cir. 1986) (finding defendants' arguments that the court lacked

personal jurisdiction over them because they were "Natural Freemen" and not a "juristic identity . . . entirely frivolous").

Thus, the court **DENIES** Dr. Hansen's request for reconsideration of its prior ruling rejecting his jurisdictional challenges and his Notice of Default, (Dkt. Nos. 39, 40 & 51). The court finds that it has jurisdiction over the subject matter at issue, as well as the defendant himself.

Additionally, the jury trial on this matter was reset by notice of the court to June 9, 2017, (Dkt. No. 47). Counsel for the United States indicated they have a conflict with that trial date and moved the court to continue the trial. Defendant and standby counsel did not object to the continuance. For good cause appearing, the court continued the **three-day Jury Trial to July 7, 2017 at 8:30 a.m. and set a Final Pretrial Conference for June 30, 2017 at 3:00 p.m.** The court found that the ends of justice served by such a continuance outweighed the best interests of the public and the defendant in a speedy trial. *See* 18 U.S.C. § 3161(h)(7). The court noted the failure to grant such a continuance would result in a trial conflict for the United States and would also deny Dr. Hansen the reasonable time necessary for effective and adequate preparation for this complex matter. Accordingly, the court excluded the time between June 23, 2017[1] and the new trial date of July 7, 2017 from speedy trial computation for good cause.

SO ORDERED this 5th day of April, 2017.

BY THE COURT:

_____
CLARK WADDOUPS
United States District Judge

---

[1] The court had excluded all time under the Speedy Trial Act from January 9, 2017 through June 23, 2017 by prior orders of the court. (*See* Dkt. Nos. 36 & 44.)

4