IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>LOUIS DELYNN HANSEN<br><br>Defendant. | MEMORANDUM DECISION AND ORDER ON NOTICES OF "ACCEPT FOR VALUE," "COUNTER DEED," AND "COMMERCIAL AFFIDAVIT"<br><br>Case No. 2:16-cr-534-CW-PMW<br><br>Judge Clark Waddoups |

Louis DeLynn Hansen has been indicted for attempting to evade or defeat a tax, 26 U.S.C. § 7201, and impeding Internal Revenue laws, 26 U.S.C. § 7212(a). (Dkt. No. 76 (Superseding Indictment); *see also* Dkt. No. 1 (Indictment).) Dr. Hansen has now submitted three documents entitled "Accept for Value," "Counter Deed," and "Commercial Affidavit." (Dkt. Nos. 111, 112, & 113.) After review of these filings, the court will construe them as renewed motions for reconsideration of dismissal of this criminal case. *See United States v. Christy*, 739 F.3d 534, 539 (10th Cir. 2014) ("Motions to reconsider are proper in criminal cases even though the Federal Rules of Criminal Procedure do not specifically provide for them.").

Dr. Hansen fails to state any grounds for further reconsideration of his dismissal arguments, such as a change of controlling law, new evidence, or clear error. *See id.* ("A motion to reconsider may be granted when the court has misapprehended the facts, a party's position, or the law."); *Servants of Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000) ("Grounds warranting a motion to reconsider include (1) an intervening change in the controlling law, (2) new evidence previously unavailable, and (3) the need to correct clear error or prevent manifest injustice."). To the extent Dr. Hansen challenges this court's jurisdiction over this case, the court

1

has repeatedly rejected that challenge. (Dkt. Nos. 55 & 72; *see* 18 U.S.C. § 3231; *United States v. Rendon*, 354 F.3d 1320, 1326 (11th Cir. 2003) (noting "[a] federal district court has personal jurisdiction to try any defendant brought before it on a federal indictment charging a violation of federal law"); *United States v. Masat*, 948 F.2d 923, 934 (5th Cir. 1991) (finding district court had subject matter jurisdiction to try tax evasion charges and personal jurisdiction over criminal defendant appearing before it); *United States v. Collins*, 920 F.2d 619, 629 (10th Cir. 1990) (finding "the statute under which defendant was charged and convicted, 26 U.S.C. § 7201, plainly falls within [the federal court's] authority").) Because the case is now on the eve of trial, however, the court will reiterate its findings and conclusions with respect to Dr. Hansen's jurisdictional objections and other arguments.

In the "Accept for Value" filing, Dr. Hansen identifies himself as "a living man, one of 'we the people' of the Utah state." (Dkt. No. 112, p. 1.) He states that the "Accept for Value" will discharge "all claims for alleged taxes due the IRS" with an "American Sovereign Indemnity Bond . . . that is already on file at the United States Treasury" and "was set up specifically to settle debts such as this." (*Id.* at 1-2.) Attached to the filing, Dr. Hansen includes a "Revocation of Election" to pay federal income taxes sent to various government agencies, along with tracking and shipping receipts. (*See id.* at 3-14.)

In the "Counter Deed" filing, Dr. Hansen declares that he is "NOT the defendant" because he has "surrendered the federal 'Person' to the U.S. Treasury." (Dkt. No. 111, p. 1.) He directs the court to an attached "Authenticated Birth Certificate," correspondence to the Secretary of the Treasury, and a UCC-1 filing. (*See id.* at 1-14.)

Finally, in the "Commercial Affidavit," Dr. Hansen states that he "tendered an Accept for Value on June 30, 2017 with the American Sovereign Indemnity Bond AMRI00001

RA393427640US Utah, that is already on file at the United States Treasury, in good faith to use for all debits and credits as needed to settle all claims and charges against LOUIS DELYNN HANSEN, for alleged taxes due the IRS, all fines, court costs, and fees pertaining to the instant CASE No. 2:16-cr-00534-CW." (Dkt. No. 113, p. 2.) Dr. Hansen further states that he "is using his exemption to settle the aforementioned debts." (*Id.* at 3.)

Each of Dr. Hansen's contentions regarding the federal government's authority to tax him and the alleged discharge of his tax liabilities have been rejected by the Tenth Circuit and many other courts as frivolous. For instance, in *Lonsdale v. United States*, 919 F.2d 1440 (10th Cir. 1990), the Tenth Circuit laid out several tax protester arguments that have been rejected by the courts:

> As the cited cases, as well as many others, have made abundantly clear, the following arguments alluded to by the Lonsdales are completely lacking in legal merit and patently frivolous: (1) individuals ("free born, white, preamble, sovereign, natural, individual common law 'de jure' citizens of a state, etc.") are not "persons" subject to taxation under the Internal Revenue code; (2) the authority of the United States is confined to the District of Columbia; (3) the income tax is a direct tax which is invalid absent apportionment, and *Pollock v. Farmers' Loan & Trust Co.,* 157 U.S. 429, *modified,* 158 U.S. 601 (1895), is authority for that and other arguments against the government's power to impose income taxes on individuals; (4) the Sixteenth Amendment to the Constitution is either invalid or applies only to corporations; (5) wages are not income; (6) the income tax is voluntary; (7) no statutory authority exists for imposing an income tax on individuals; (8) the term "income" as used in the tax statutes is unconstitutionally vague and indefinite; (9) individuals are not required to file tax returns fully reporting their income; and (10) the Anti–Injunction Act is invalid.

*Id.* at 1448. Similarly, the court rejects Dr. Hansen's contentions that he is not a "person" subject to federal taxation; or that he is a citizen of a state and not a citizen of the United States; or that his debts are discharged by the notices he has filed; or any other tax protester argument Dr. Hansen may be asserting in this case. These arguments have no basis in the law. *See Lonsdale*, 919 F.2d at 1448 (rejecting personhood argument by tax protester); *Collins*, 920 F.2d at 629 (finding argument that defendant was not an "individual" under the Internal Revenue Code

3

frivolous); *United States v. Dawes*, 874 F.2d 746, 750–51 (10th Cir. 1989), *overruled on other grounds by United States v. Allen*, 895 F.2d 1577 (10th Cir. 1990) (finding argument that "appellants are not taxpayers because they are 'free born, white, preamble, sovereign, natural, individual common law de jure citizens of Kansas'" frivolous); *United States v. Lyman*, 166 F.3d 349, at *3 (10th Cir. 1998) (unpublished table decision) (rejecting similar tax protesters arguments, including appellants' contention that "they were 'state Citizens of the Republic of Utah' and had never been citizens of the United States, which rendered the assessments 'null and void nunc pro tunc'"); *United States v. Moore*, 21 F.3d 1122, at *2 (10th Cir. 1994) (unpublished table decision) (rejecting defendant's arguments that "there is no 'contract' granting jurisdiction" and that he is a "'nonresident' of the 'U.S.'" because he is citizen of Oklahoma and therefore the federal income tax does not apply to him).

As the Seventh Circuit has aptly put it, "Regardless of an individual's claimed status of descent, be it as a 'sovereign citizen,' a 'secured-party creditor,' or a 'flesh-and-blood human being,' that person is not beyond the jurisdiction of the courts. These theories should be rejected summarily, however they are presented." *United States v. Benabe*, 654 F.3d 753, 767 (7th Cir. 2011).

For these reasons, the court **DENIES** Dr. Hansen's renewed requests for reconsideration of his dismissal arguments as frivolous and without legal merit.

DATED this 5th day of July, 2017.

BY THE COURT:

_____
CLARK WADDOUPS
United States District Judge