IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>LOUIS DELYNN HANSEN<br><br>Defendant. | **MEMORANDUM DECISION AND ORDER DISMISSING DEFENDANT'S "COUNTER-OFFER, OPPORTUNITY TO CURE, NOTICE OF LIABILITY" AND DENYING THE GOVERNMENT'S MOTION TO STRIKE**<br><br>Case No. 2:16-cr-534<br><br>Judge Clark Waddoups |

Defendant Louis DeLynn Hansen has filed a document entitled "Counter-Offer, Opportunity to Cure, Notice of Liability." (ECF No. 151.) The United States has requested the court strike Dr. Hansen's filing. (*See* Dkt. No. 153.)

On July 12, 2017, a jury convicted Dr. Hansen of attempting to evade or defeat taxes, under 26 U.S.C. § 7201, and impeding Internal Revenue laws, under 26 U.S.C. § 7212(a). (*See* ECF No. 130.) Following the jury verdict, on September 25, 2017, the court sentenced Dr. Hansen to 33 months custody of the Federal Bureau of Prisons. (ECF No. 142.) The court entered judgment the same day. (ECF No. 143.)

On October 9, 2017, Dr. Hansen filed a notice of appeal of the judgment and his sentence to the Tenth Circuit Court of Appeals. (ECF No. 146.) He filed another notice of appeal on October 16, 2017. (*See* ECF No. 149.) "The filing of a notice of appeal [pursuant to Federal Rules of Appellate Procedure 3 & 4] is an event of jurisdictional significance—it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal." *Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 58 (1982) (per curiam); *United States v. Meyers*, 95 F.3d 1475, 1489 n.6 (10th Cir. 1996). While district courts retain jurisdiction over motions to correct a sentence under Federal Rule of

1

Criminal Procedure 35(a), per Federal Rule of Appellate Procedure 4(b)(5), the court does not understand Dr. Hansen's filing to be a Rule 35(a) motion.

Rather, Dr. Hansen appears to challenge the court's jurisdiction over this criminal matter once again, and makes other statements or arguments that have been addressed by this court before, during, and after the trial in this case. The issues raised in the filing are now on direct appeal to the Tenth Circuit; thus, the court lacks jurisdiction over whatever relief Dr. Hansen seeks with this filing. *See United States v. Graham*, 248 F. App'x 929, 930–31 (10th Cir. 2007) (unpublished) (vacating district court's order denying federal prisoner's pro se Rule 60(b) motion, filed during the pendency of his direct appeal from his criminal conviction, and instructing the court to dismiss the motion for lack of jurisdiction). The filing states no other jurisdictional basis for the relief sought therein. Any attempt to characterize the filing as a post-judgment motion under a relevant federal criminal rule would be futile because the filing's subject matter suggests no reasonable interpretation falling within the criminal rules. *See Graham*, 248 F. App'x at 931 ("Recharacterization [as a motion under the federal criminal rules] would have been futile: no post-judgment motion under a relevant federal criminal rule would have afforded Mr. Graham any relief 'because of time limits and subject matter.'" (quoting *United States v. Triplett*, 166 F. App'x 362, 366 (10th Cir. 2006) (unpublished))).

Therefore, the court **DISMISSES** Dr. Hansen's "Counter-Offer, Opportunity to Cure, Notice of Liability," (ECF No. 151), for lack of jurisdiction over it.

The court also **DENIES** the government's Motion to Strike the filing, (ECF No. 153).

DATED this 2nd day of November, 2017.

BY THE COURT:

_/s/ Clark Waddoups_
CLARK WADDOUPS
United States District Judge