IN THE UNITED STATES DISTRICT COURT

DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>Plaintiff,<br><br>v.<br><br>LOUIS DELYNN HANSEN,<br><br>Defendant. | **MEMORANDUM DECISION AND ORDER CONTINUING JURY TRIAL**<br><br>Case No.: 2:16-cr-00534-HCN<br><br>Judge Howard C. Nielson, Jr. |

This case is presently set for trial on November 12, 2019. Defendant, who informed the court two days ago that he wishes to represent himself at trial, has filed a motion for a continuance through his appointed counsel. Based on this motion, and good cause appearing, the Court makes the following findings:

1. Defendant has been charged with attempting to evade or defeat tax and impeding internal revenue laws. *See* Dkt. No. 76 (superseding indictment) (citing 26 U.S.C. § 7201; 26 U.S.C. § 7212(a)).

2. Defendant first appeared in this court on November 17, 2016, for the initial appearance on the indictment returned in this matter. *See* Dkt. No. 18.

3. On July 12, 2017, a jury found the defendant guilty of Counts 1 and 2 of the Indictment. *See* Dkt. No. 130.

4. On September 4, 2019, the Tenth Circuit Court of Appeals vacated the jury verdict and ordered this court to conduct further proceedings consistent with its opinion. *See*

1

*United States v. Hansen*, 929 F.3d 1238 (10th Cir. 2019).

5.  Magistrate Judge Pead held a status conference on October 8, 2019, and scheduled a 5-day jury trial to begin on November 12, 2019 at 10:00am. *See* Dkt. Nos. 199, 200. Magistrate Judge Pead appointed counsel to assist Defendant at trial. *See* Dkt. No. 199. Defendant objected to setting a trial date and to the appointment of trial. *See id*. Magistrate Judge Pead noted the objections for the record, advised Defendant that he was welcome to file any related motions with the court that he felt appropriate, and set a motion deadline of October 18, 2019. *See id*.

6.  On October 17, Defendant informed the court, through his appointed counsel, that he wishes to defend himself at trial.

7.  On October 18, Defendant requested, through his appointed counsel, a continuance of "not less than ninety days." Dkt. No. 205 at 1.

8.  Defendant and his appointed counsel agree upon the need for a continuance of the trial and that the defense will not be hindered or prejudiced by the delay. Defendant represents that if the court permits him to proceed to trial pro se, he will need additional time to prepare for trial beyond the three and a half weeks presently remaining. Alternatively, if the court does not permit Defendant to proceed to trial pro se, counsel will need additional time to prepare for trial.

9.  Counsel for government stipulates to the continuance. *See* Dkt. No. 205 at 2.

10. Defendant is not in custody. There are no co-defendants.

11. This is the first request to continue trial since the Tenth Circuit vacated the 2017 conviction.

12. The Speedy Trial Act requires that "the trial shall not commence less than thirty days from the date on which the defendant … expressly waives counsel and elects to proceed pro se." 18 U.S.C. § 3161(c)(2). While defendant appeared pro se at his now-vacated 2017 trial, he formally indicated his desire to appear pro se at this upcoming trial on October 17, 2019—only twenty-six days before the current trial date—and the court has not yet held a *Faretta* hearing to determine whether Defendant will be allowed to defend himself at trial. While a recent unpublished Tenth Circuit opinion suggests that "§ 3161(c)(2) does not purport to limit a district court's discretion to schedule a retrial after remand whenever the court so chooses," that opinion restates that "[a] criminal defendant can always request a continuance." *United States v. McKye*, 737 F. App'x 386, 392 (10th Cir. 2018). Although § 3161(c)(2) may not be binding here, this court finds it instructive in evaluating Defendant's motion for a continuance.

13. Based on the foregoing findings, the court finds that a failure to order a continuance would deny Defendant—whether appearing pro se or through appointed counsel—"the reasonable time necessary for effective preparation, taking into account the exercise of due diligence." 18 U.S.C. § 3161(h)(7)(B)(iv). The court further finds that failure to grant a continuance would likely "result in a miscarriage of justice." 18 U.S.C. § 3161(h)(7)(B)(i).

14. For the foregoing reasons, the court finds that the ends of justice served by continuing the trial outweigh the interests of the public and the defendant in a speedy trial. *See* 18 U.S.C. § 3161(h)(7)(A).

**ORDER**

THEREFORE, the court orders that the trial scheduled for November 12, 2019, through November 18, 2019, is hereby continued to January 27, 2020, at 10:00 a.m. The time between

the filing of the Motion to Vacate Trial Date on October 18, 2019, and January 27, 2020, is excluded from Defendant's speedy trial computation for good cause.

The court further orders that the trial order presently in place be vacated and that the *Faretta* hearing presently scheduled for October 21, 2019 be vacated. Defendant and his appointed counsel shall confer with counsel for the United States and propose a new date for the *Faretta* hearing.

DATED this **19th** day of **October, 2019**.

BY THE COURT:

_____
Howard C. Nielson, Jr.
United States District Judge