IN THE UNITED STATES DISTRICT COURT

DISTRICT OF UTAH, CENTRAL DIVISION

| UNITED STATES OF AMERICA<br><br>Plaintiff,<br><br>v.<br><br>LOUIS DELYNN HANSEN,<br><br>Defendant. | **MEMORANDUM DECISION AND ORDER DENYING WITHOUT PREJUDICE MOTION TO CONTINUE JURY TRIAL**<br><br>Case No.: 2:16-cr-00534-HCN<br><br>Howard C. Nielson, Jr.<br>United States District Judge |
|---|---|

This case is presently set for trial on January 24, 2020. Standby counsel for Defendant has filed a motion for a continuance, purportedly on behalf of Defendant. The court makes the following findings:

1. Defendant has been charged with attempting to evade or defeat tax and impeding internal revenue laws. *See* Dkt. No. 76 (superseding indictment) (citing 26 U.S.C. § 7201 and 26 U.S.C. § 7212(a)).

2. On November 17, 2016, Defendant made his initial appearance in this court on the indictment returned in this matter. *See* Dkt. No. 18.

3. On July 12, 2017, a jury found Defendant guilty of Counts 1 and 2 of the Indictment. Dkt. No. 130.

4. On September 4, 2019, the Tenth Circuit Court of Appeals vacated the jury verdict and ordered this court to conduct further proceedings consistent with its opinion. *See United States v. Hansen*, 929 F.3d 1238 (10th Cir. 2019).

5. On October 17, 2019, Defendant informed the court, through his appointed counsel, that he wished to exercise his constitutional right to conduct his defense pro se.

6. On October 18, 2019, Defendant requested, through his appointed counsel, a continuance of "not less than ninety days." Dkt. No. 205 at 1. This court granted that request, and trial is set for January 24, 2020.

7. On October 29, 2019, this court held a *Faretta* hearing and granted Defendant's request to conduct his defense pro se. Mr. McCaughey, who had been Defendant's court-appointed counsel, was designated as standby counsel.

8. This is the second request to continue trial since the Tenth Circuit vacated and remanded the 2017 conviction.

9. The motion for a continuance has two significant defects.

   a. First, this motion was filed by standby counsel, not Defendant, who has elected to exercise his constitutional right to conduct his own defense. Although the motion states that "Defendant is not in custody and agrees with the need for a continuance of the trial and agrees that the defense will not be hindered or prejudiced by the delay," Defendant has not indicated to the court that standby counsel prepared and filed the motion at Defendant's request. Nor has Defendant indicated to the court that he adopts the motion submitted by standby counsel. The court has not

authorized "hybrid representation" in this case. *McKaskle v. Wiggins*, 465 U.S. 168, 183 (1984).

b. Second, standby counsel's motion does not provide sufficient explanation for why a continuance is necessary. Standby counsel provides only conclusory representations that Defendant needs more time to "acquir[e] additional evidence" and "subpoena additional witnesses[,]" but fails to describe the nature of the evidence Defendant wishes to acquire, identify the additional witnesses he seeks to subpoena, or explain why the desired evidence cannot be acquired or the additional witnesses subpoenaed in time for the currently scheduled trial date.

10. Given these defects, the court denies standby counsel's motion to continue without prejudice. Defendant may file a motion that provides additional explanation for why a continuance is necessary. In the alternative, Defendant may direct standby counsel to prepare and file such a motion on his behalf, so long as Defendant clearly indicates to the court that the motion has been prepared and filed at his request and that he adopts the motion.[1]

---

[1] The court rejects the United States' argument that 18 U.S.C. § 3161(e) requires that Defendant's trial be held within 180 days of remand from the Court of Appeals. To be sure, section 3161(e) states that:

> If the defendant is to be tried again following an appeal or a collateral attack, the trial shall commence within seventy days from the date the action occasioning the retrial becomes final, *except that the court retrying the case may extend the period for retrial not to exceed one hundred and eighty days from the date the action occasioning the retrial becomes final* if unavailability of witnesses or other factors resulting from passage of time shall make trial within seventy days impractical.

(Emphasis added). But the very next sentence of section 3161(e)—which the United States surprisingly omits—states that "[t]he periods of delay enumerated in section 3161(h) are excluded in computing the time limitations specified in this section."

## ORDER

For the foregoing reasons, the court denies the motion to continue without prejudice.

DATED this **20th** day of **December, 2019**.

BY THE COURT:

_____
Howard C. Nielson, Jr.
United States District Judge

---

Section 3161(e) thus does not appear to bar Defendant from seeking, or the court from granting, a continuance pursuant to section 3161(h)(7)(A) *et seq*.