IN THE UNITED STATES DISTRICT COURT

DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>Plaintiff,<br><br>v.<br><br>LOUIS DELYNN HANSEN,<br><br>Defendant. | **MEMORANDUM DECISION<br>AND ORDER<br>DENYING MOTIONS TO DISMISS**<br><br>FOR PUBLICATION<br><br>Case No. 2:16-cr-00534-HCN<br><br>Howard C. Nielson, Jr.<br>United States District Judge |

Louis Hansen has been charged with attempting to evade or defeat a tax and with impeding internal revenue laws. *See* 26 U.S.C. §§ 7201, 7212. He has elected to exercise his constitutional right under *Faretta v. California*, 422 U.S. 806 (1975), to defend himself without the representation of counsel. On November 22, 2019, he moved to dismiss the indictment, relying on Supreme Court precedent governing the requirements for pleading a claim under the Federal Rules of Civil Procedure. In its response, the Government pointed out that neither these rules nor the precedent interpreting them apply to the sufficiency of an indictment. On December 9, 2019, Mr. Hansen filed a motion to dismiss the indictment, this time relying on precedents interpreting the Federal Rules of Criminal Procedure. For the following reasons, the court denies Mr. Hansen's motions.[1]

---

[1] Mr. Hansen's second motion was filed after the December 6, 2019, deadline established by the court for submitting motions under Fed. R. Crim. P. 12. Although the motion is untimely, the court considers it on the merits given Mr. Hansen's status as a *pro se* litigant and the fact that it addresses the same general issue raised by Mr. Hansen's earlier, timely motion.

The indictment in this case might well be vulnerable to dismissal if Supreme Court precedent governing the sufficiency of civil complaints applied in this context. The Supreme Court has made clear that "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" to plead a claim under the Federal Rules of Civil Procedure. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (*quoting Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Rather, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id*. (*quoting Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. Although the superseding indictment alleges considerably more factual matter than many indictments this court has seen, it might nevertheless fall short if measured by these standards.

It is difficult to fault Mr. Hansen, as a *pro se* litigant, for assuming that the pleading requirements set forth in *Iqbal* and *Twombly*—or at least comparable requirements—would apply to criminal indictments no less than civil complaints. After all, the text of the relevant procedural rules is nearly identical. The Federal Rules of Civil Procedure require that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The Federal Rules of Criminal Procedure, in turn, require that an indictment contain "a plain, concise, and definite written statement of the essential facts constituting the offense charged." Fed. R. Crim. P. 7(c)(1). The Federal Rules of Civil Procedure require dismissal of complaints for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). The Federal Rules of Criminal Procedure require dismissal of

indictments for "failure to state an offense." Fed. R. Crim. P. 12(b)(3)(B)(v). Reading these parallel provisions, one would naturally expect courts to apply essentially the same standards to both motions to dismiss civil complaints and motions to dismiss indictments.

If told, moreover, that the pleading requirements differ between civil complaints and criminal indictments, one would if anything expect stricter pleading requirements to apply in the criminal context. To the extent there are minor textual differences between the parallel provisions governing the sufficiency of civil and criminal pleadings, the requirements of the rules of criminal procedure appear stricter: while Federal Rule of Civil Procedure 8 requires a "statement of the claim," Federal Rule of Criminal Procedure 7 requires a "statement *of the essential facts* constituting the offense charged." (Emphasis added.)

The solicitude afforded criminal defendants by the Bill of Rights would likewise lead one to expect that stricter pleading requirements might apply in criminal cases. After all, the Sixth Amendment expressly secures the right of criminal defendants "to be informed of the nature and cause of the accusation" against them. U.S. Const., amend. VI. Civil defendants have no comparable constitutional right. It is difficult to see how a conclusory indictment can meaningfully inform a criminal defendant of the charges he or she faces. In addition, the Fifth Amendment requires that in most federal cases, "[n]o person shall be held to answer for a capital, or otherwise infamous crime, unless on a presentment or indictment of a grand jury." *Id.*, amend V. Again, civil defendants do not have such a right. But if indictments need not contain meaningful factual allegations, the prosecution could present one set of facts to the grand jury and a separate set of facts to the jury at trial—and both sets of facts might well be consistent with the same conclusory indictment. And if a defendant can be tried and convicted on a factual basis

3

never considered by a grand jury, the constitutional safeguard of indictment by a grand jury becomes little more than a parchment right.[2]

Practical considerations would support the same expectation. Grand jury proceedings occur prior to indictments, but civil plaintiffs are not entitled to discovery until after their complaints are filed. It should, accordingly, be much easier for the Government to allege factual detail in an indictment than for a civil plaintiff to do so in a complaint.

Nevertheless, controlling precedent dictates that substantially more lenient pleading requirements apply to criminal indictments than to civil complaints. The Supreme Court has stated that an indictment is sufficient if it "contains the elements of the offense charged," "fairly informs a defendant of the charge against which he must defend" and "enables him to plead an acquittal or conviction in bar of future prosecutions for the same offense." *Hamling v. United States*, 418 U.S. 87, 117 (1974). And as the Government correctly explains in its response to Mr. Hansen's second motion to dismiss, the Courts of Appeals have interpreted this to mean that "an indictment need do little more than to track the language of the statute charged and state the time and place (in approximate terms) of the alleged crime." Dkt. No. 31 at 4 (*quoting United States v. Stavroulakis*, 952 F.2d 686, 693 (2d Cir. 1992)); *see also, e.g.*, *United States v. Darrell,* 828 F.2d 644, 647 (10th Cir. 1987).[3]

---

[2] The Fifth Amendment also provides, "nor shall any person be subject for the same offense to be twice put in jeopardy of life or limb . . . ." U.S. Const., amend. V. Again, civil defendants have no comparable constitutional right and, again, conclusory indictments may well undermine this constitutional safeguard.

[3] In a recent insightful article, a commentator explained some of the untoward consequences that result from the judicial sanction of conclusory indictments. As this commentator explains, judicial tolerance and prosecutorial use of conclusory indictments limits the development of law elucidating the scope of federal criminal statutes, provides an incentive for prosecutors to pursue novel and aggressive interpretations of those statutes, and dramatically tilts the playing field in favor of prosecutors at the expense of criminal defendants. *See* James A. Burnham, *Why Don't Courts Dismiss Indictments?*, 18 GREEN BAG 2d 347 (2015); *cf. United*

To be sure, a civil complaint that merely recited the elements of the claims asserted and the approximate time and place that the claims arose would be summarily dismissed, for as the Supreme Court has explained, "a pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 555). But under controlling precedent, a criminal indictment need contain no more than this. Because the superseding indictment in this case easily crosses this minimal threshold, Mr. Hansen's motions to dismiss must be **DENIED**.

It is **SO ORDERED**.

DATED this **23rd** day of **December, 2019**.

BY THE COURT:

Howard C. Nielson, Jr.
United States District Judge

---

*States v. Adcox*, No. CR 15-00036, 2017 WL 2489998, at *4 (W.D. La. June 7, 2017) (noting concerns raised by this article but correctly concluding that "the Court must apply the standards as they currently exist").