IN THE UNITED STATES DISTRICT COURT

DISTRICT OF UTAH, CENTRAL DIVISION

| UNITED STATES OF AMERICA, Plaintiff, v. LOUIS DELYNN HANSEN, Defendant. | **MEMORANDUM DECISION AND ORDER CONTINUING JURY TRIAL**<br><br>Case No.: 2:16-cr-00534-HCN<br><br>Howard C. Nielson, Jr.<br>United States District Judge |
|---|---|

This case is presently set for trial on January 24, 2020. Defendant has exercised his constitutional right to defend himself at trial without representation of counsel. Defendant has specifically requested that standby counsel file a motion for a continuance. Based on this motion and good cause appearing, the court makes the following findings:

1. Defendant has been charged with attempting to evade or defeat tax and impeding internal revenue laws. *See* Dkt. No. 76 (superseding indictment) (citing 26 U.S.C. § 7201; 26 U.S.C. § 7212(a)).

2. Defendant first appeared in this court on November 17, 2016, for the initial appearance on the indictment returned in this matter. *See* Dkt. No. 18.

3. On July 12, 2017, a jury found the defendant guilty of Counts 1 and 2 of the Indictment. Dkt. No. 130.

4. On September 4, 2019, the Tenth Circuit Court of Appeals vacated the jury verdict and ordered this court to conduct further proceedings consistent with the opinion. *United States v. Hansen*, 929 F.3d 1238 (10th Cir. 2019).

5. Defendant represents that he is in the process of acquiring additional evidence and needs time to subpoena additional witnesses. Defendant has sent two letters to the U.S. Treasury Department requesting information that he deems material to his defense.

6. Defendant represents that he is in the process of attempting to procure an expert witness in the area of banking and fraud and is having a difficult time doing so.

7. Defendant represents that because he is proceeding without representation of counsel and is not an expert in putting a case together for trial, he needs this continuance to adequately prepare.

8. Defendant is not in custody. There are no co-defendants.

9. Based on the foregoing findings, the court finds that a failure to order a continuance "would deny counsel for the defendant"—in this case, Defendant appearing pro se—"the reasonable time necessary for effective preparation, taking into account the exercise of due diligence." 18 U.S.C. § 3161(h)(7)(B)(iv). The court further finds that failure to grant a continuance would likely "result in a miscarriage of justice." 18 U.S.C. § 3161(h)(7)(B)(i).

10. The court further finds that the ends of justice served by continuing the trial outweigh the interests of the public and the defendant in a speedy trial. *See* 18 U.S.C. § 3161(h)(7)(A).

## ORDER

For the foregoing reasons, the court orders that the trial scheduled to begin on January 24, 2020, at 10:00 a.m. is hereby continued until April 20, 2020, at 10:00 a.m. The time between the filing of the Motion to Vacate Trial Date on January 3, 2020 and April 20, 2020, is excluded from Defendant's speedy trial computation for good cause. The deadlines in the current trial order and the date for the pretrial conference are vacated.

DATED this **3rd** day of **January, 2020**.

BY THE COURT:

_____
Howard C. Nielson, Jr.
United States District Judge