# IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

## CENTRAL DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | **MEMORANDUM DECISION AND ORDER** |
| **Plaintiff,** | **Case No. 2:16-cr-00534-HCN-PMW** |
| **v.** | |
| **LOUIS DELYNN HANSEN,** | **District Judge Howard C. Nielson, Jr.** |
| **Defendant.** | **Chief Magistrate Judge Paul M. Warner** |

Before the court is Defendant Louis Delynn Hansen's ("Defendant") motion for a bill of particulars.[1]  The court has carefully reviewed the written memoranda submitted by the parties. Pursuant to Criminal Rule 12-1(d) of the Rules of Practice for the United States District Court for the District of Utah, the court has concluded that oral argument is not necessary and will decide the motion based upon the written memoranda.  *See* DUCrimR 12-1(d).

Without even reaching the merits of Defendant's motion, the court concludes that the motion is defective because it was filed by standby counsel, not Defendant, who has elected to exercise his constitutional right to conduct his own defense.  Although the motion states that it is brought by both Defendant and his standby counsel, Defendant has not indicated to the court that standby counsel prepared and filed the motion at Defendant's request.  Defendant has also failed to indicate to the court that he adopts the motion submitted by standby counsel.  As the court has

---

[1] *See* ECF no. 223.

previously noted, it has not authorized hybrid representation in this case. *See McKaskle v. Wiggins*, 465 U.S. 168, 183 (1984).

Furthermore, even if the court considers the merits of Defendant's motion, it fails. Defendant was indicted by a federal grand jury on October 19, 2016, on charges of Tax Evasion and Impeding Internal Revenue Laws.[2]  On July 12, 2017, after a trial in which Defendant represented himself, he was convicted on both counts.[3]  On September 4, 2019, the Tenth Circuit Court of Appeals vacated the jury verdict and ordered this court to conduct further proceedings consistent with its opinion. *See United States v. Hansen*, 929 F.3d 1238 (10th Cir. 2019).

Defendant now moves the court for an order requiring the United States of America ("United States") to provide him with a bill of particulars.  Rule 7(c)(1) of the Federal Rules of Criminal Procedure provides that "[t]he indictment . . . must be a plain, concise, and definite written statement of the essential facts constituting the offense charged."  Fed. R. Crim. P. 7(c)(1).  When an indictment sets forth the elements of the charged offense and sufficiently apprises the defendant of the charges to enable him to prepare for trial, a motion for bill of particulars should be denied.  *See United States v. Dunn*, 841 F.2d 1026, 1029-30 (10th Cir. 1988); *see also United States v. Dahlman*, 13 F.3d 1391, 1400 (10th Cir. 1993); *United States v. Salazar*, 720 F.2d 1482, 1486 (10th Cir. 1983).

For the following reasons, the court will not provide Defendant with the relief he seeks. First, it is noteworthy that at no time prior to the first trial in this matter did Defendant request a

---

[2] *See* ECF no. 1.

[3] *See* ECF no. 123.

bill of particulars or otherwise argue that he needed additional information to be enable him to prepare for trial.

Second, the following information is more than sufficient to fully inform Defendant of the charges pending against him and to enable him to prepare for trial: (1) the indictment; (2) the extensive discovery provided to Defendant prior to the first trial in this matter, as supplemented with additional discovery recently provided to Defendant; (3) the jury instructions given by the court at the end of the first trial; and (4) the documents and testimony admitted into evidence during the first trial.

Third, the United States has asserted that it intends to present the same witnesses and use the same exhibits that were presented at the first trial, during which Defendant represented himself. The United States has also indicated that if it determines to present different or additional witnesses at the upcoming trial, or offer additional exhibits into evidence, the identities of those witnesses and any related *Jencks*, *Brady*, or *Giglio* material and copies of those exhibits will be promptly provided to Defendant.

Finally, after having already been tried on the exact charges that he is currently facing, it is not plausible for Defendant to argue that he has not been sufficiently informed of the charges against him to adequately prepare his defense. Indeed, Defendant has already observed the testimony of every witness to be called by the United States, seen every exhibit the United States admitted into evidence, heard the arguments of the United States to the jury, and heard the court's instructions on the law.

For the foregoing reasons, Defendant's motion for a bill of particulars[4] is DENIED.

IT IS SO ORDERED.

DATED this 23rd day of January, 2020.

BY THE COURT:

PAUL M. WARNER
Chief United States Magistrate Judge

---

[4] *See* ECF no. 223.