IN THE UNITED STATES DISTRICT COURT

DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>LOUIS DELYNN HANSEN,<br><br>Defendant**.** | **MEMORANDUM DECISION<br>AND ORDER<br>DENYING MOTION TO DISMISS**<br><br>Case No.: 2:16-cr-00534-HCN<br><br>Howard C. Nielson, Jr.<br>United States District Judge |

  Louis Hansen has been indicted for tax evasion in violation of 26 U.S.C. § 7201 and tax obstruction in violation of 26 U.S.C. § 7212(a). The superseding indictment alleges that Mr. Hansen tried to pay over $150,000 that he owed for taxes by mailing the IRS checks drawn on closed bank accounts. *See* Dkt. No. 76 at 3–6. Mr. Hansen, appearing *pro se*, moves to dismiss the indictment on the ground that he was not on notice that the specific conduct with which he has been charged was subject to criminal penalties. Mr. Hansen's motion is denied.

  Under the Due Process Clause, criminal statutes must give "fair warning, in language that the common world will understand, of what the law intends to do if a certain line is passed. To make the warning fair, so far as possible the line should be clear." *United States v. Lanier*, 520 U.S. 259, 265 (1997) (cleaned up). The court finds that the statutes at issue here give fair warning that the conduct alleged in the indictment is subject to criminal penalties. To the extent Mr. Hansen argues that he nevertheless acted in good faith ignorance or misunderstanding of the law, the court finds that his argument depends on issues of fact that cannot properly be resolved

on a motion to dismiss the indictment. As then-Judge Gorsuch explained for the Tenth Circuit, motions to dismiss indictments may "not be appropriately resolved before trial" unless they "involve only a pure question of law" or "implicate only facts found in the indictment or facts agreed to by the parties." *United States v. Pope*, 613 F.3d 1255, 1258, 1262 (10th Cir. 2010).

The Government first charges Mr. Hansen with violating 26 U.S.C. § 7201, which provides that "[a]ny person who willfully attempts in any manner to evade or defeat any tax imposed by this title or the payment thereof shall, in addition to other penalties provided by law, be guilty of a felony" and thus subject to criminal penalties. The Government alleges that Mr. Hansen presented to the IRS checks drawn on bank accounts that were closed. *See* Dkt. No. 76 at 3–6. This alleged conduct would, if proved, constitute an attempt by Mr. Hansen to clear his debt without actually paying any of his own money—an obvious attempt to evade a tax. As the courts of appeal have long recognized, "by the words 'in any manner' . . . , Congress indicates an intention to cover all possible methods of evasion." *United States v. Miro,* 60 F.2d 58, 60 (2d Cir. 1932). Given the clarity and breadth of the statute, there was no need for the IRS to issue a separate notice saying that the specific form of evasion at issue here is unlawful.

The Government also charges Mr. Hansen with violating 26 U.S.C. § 7212(a), which provides that anyone who "corruptly or by force or threats of force (including any threatening letter or communication) obstructs or impedes, or endeavors to obstruct or impede, the due administration of this title" is subject to criminal penalties. The Supreme Court has explained that this statute "refers to specific interference with targeted governmental tax-related proceedings, such as a particular investigation or audit." *Marinello v. United States*, 138 S. Ct. 1101, 1104 (2018). The Government alleges that, after being notified that he was delinquent, Mr. Hansen sent checks drawn on closed bank accounts to six different IRS offices. *See* Dkt. No. 76

2

at 2, 4–6. If proved, this alleged conduct would constitute an endeavor to impede the investigation of Mr. Hansen by attempting to convince the IRS to retire Mr. Hansen's debt and end the investigation. The conduct alleged here thus falls squarely within the statute, as interpreted by the Supreme Court. There was thus no need for the IRS to provide separate notice that this specific conduct is illegal.

To be sure, the Supreme Court has held that "in our complex tax system, uncertainty often arises even among taxpayers who earnestly wish to follow the law, and it is not the purpose of the law to penalize frank difference of opinion or innocent errors made despite the exercise of reasonable care." *Cheek v. United States*, 498 U.S. 192, 205 (1991) (cleaned up). Thus, even though "as a general rule, ignorance of the law or a mistake of law is no defense to criminal prosecution," *United States v. Cox*, 906 F.3d 1170, 1190 (10th Cir. 2018), the United States may in some cases need to "negat[e] a defendant's claim of ignorance of the law or a claim that because of a misunderstanding of the law, he had a good-faith belief that he was not violating any of the provisions of the tax laws," *Cheek*, 498 U.S. at 202. Because the court finds that the statutes at issue here provide sufficient notice that the conduct with which Mr. Hansen has been charged was unlawful, however, it cannot find as a matter of law that Mr. Hansen acted in good faith ignorance of the law.[1] While Mr. Hansen remains free to make this argument to the jury, dismissal of the indictment is thus inappropriate. *See Pope,* 613 F.3d at 1258.

Mr. Hansen also argues that warning provided by the IRS of fees it imposes for checks that fail to clear implies that criminal penalties do not apply to the conduct with which he has been charged. *See* Dkt. No. 244 at 3. The court finds that this warning falls far short of

---

[1] For the same reason, Mr. Hansen's reliance on the Taxpayer Bill of Right's notice provisions is unavailing. Despite its title, moreover, this document does not in fact enlarge taxpayer rights. *See, e.g., Moya v. Comm'r of Internal Revenue*, 152 T.C. 182, 192, 197 (2019).

establishing, as a matter of law, that Mr. Hansen was not on notice that his alleged actions were subject to criminal penalties. First, as noted above, the criminal statutes with which Mr. Hansen has been charged provide fair notice that his alleged conduct was subject to criminal penalties. Second, the warning does not to mention—let alone disavow—the possibility of criminal penalties. *See Topic No. 206 Dishonored Payments*, Internal Revenue Service, available at: https://www.irs.gov/taxtopics/tc206. It is hardly uncommon for both civil and criminal penalties to apply to the same conduct. *See*, *e.g.*, *United States v. Gordon*, 710 F.3d 1124, 1142 n.20 (10th Cir. 2013). In all events, the conduct alleged by the Government is a far cry from an ordinary case of simply bouncing a check. To the contrary, the Government alleges that Mr. Hansen attempted to avoid paying over $150,000 in taxes by knowingly sending multiple checks drawn on closed bank accounts to multiple offices of the IRS. *See* Dkt. No. 76 at 3. It is quite unlikely that a bank robber could reasonably expect to be subject only to overdraft fees for robbing a bank with which he has an account. Mr. Hansen is, of course, not charged with bank robbery. But the court cannot find as a matter of law that, if the allegations are true, Mr. Hansen could have reasonably believed his actions would be subject to nothing more than dishonored-check fees.

For the foregoing reasons, the motion to dismiss the indictment is **DENIED**.

**IT IS SO ORDERED.**

Dated this 24th Day of June, 2020.

By the Court:

_____
Howard C. Nielson, Jr.
United States District Judge

4