IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>LOUIS DEYNN HANSEN,<br><br>Defendant. | **MEMORANDUM DECISION AND ORDER CONTINUING JURY TRIAL**<br><br>Case No. 2:16-cr-00534-HCN<br><br>Howard C. Nielson, Jr.<br>United States District Judge |

This case is presently set for trial on November 16, 2020. On September 11, 2020, the court held a status conference to discuss the trial date in this case. During the status conference, the court and both parties agreed to reset the 5-day jury trial to January 25, 2021. Based on the joint request of the Defendant and the United States, and good cause appearing, the court makes the following findings:

1. Defendant has been charged with attempting to evade or defeat tax and impeding internal revenue laws. *See* Dkt. No. 76 (superseding indictment) (citing 26 U.S.C. § 7201; 26 U.S.C. § 7212(a)).

2. Defendant's initial appearance on the indictment returned in this matter first was on November 17, 2016. *See* Dkt. No. 18.

3. On July 12, 2017, a jury found the defendant guilty of Counts 1 and 2 of the Indictment. *See* Dkt. No. 130.

4. On September 4, 2019, the Tenth Circuit Court of Appeals vacated the jury verdict and ordered this court to conduct further proceedings consistent with its opinion. *United States v. Hansen*, 929 F.3d 1238 (10th Cir. 2019).

5. On April 28, 2020, the Chief Judge of the District of Utah entered a General Order continuing all civil and criminal jury trials through June 15, 2020, pending further order of the court. *See* Gen. Order 20-012. On May 8, 2020, the court continued the trial from May 18, 2020 to July 6, 2020 and "excluded time from May 1, 2020 to July 6, 2020 under the Speedy Trial Act pursuant to the findings made in General Order 20-012." Dkt. No. 263.

6. On June 8, 2020, the Defendant filed a motion to continue the July 6, 2020 trial on the grounds that he needed additional time to prepare his defense. *See* Dkt. No. 266. On June 15, 2020, Magistrate Judge Bennett signed an order continuing the trial from July 6, 2020 to October 26, 2020 and excluding the time from July 6, 2020 to October 26, 2020 under the Speedy Trial Act. *See* Dkt. No. 267. On June 22, 2020, Judge Bennett signed an amended order setting the trial date for November 16, 2020, and excluding time through that date under the Speedy Trial Act. *See* Dkt. No. 268.

7. From June to the end of September, the Chief Judge of the District of Utah entered four additional General Orders like General Order 20-012, which collectively continued all civil and criminal jury trials through November 2, 2020. *See* Gen. Orders 20-017, 20-021, 20-026, 20-029. The period of time from June 15, 2020, through November 2, 2020 was excluded from the respective speedy trial calculations for the commencement of trial within the District, pursuant to 18 U.S.C. § 3161(h)(7)(A). *See id.* The court concluded that an "ends of justice" finding is "necessary and appropriate in the District of Utah at this time. The expanding number of COVID-19 infections, hospitalizations, and deaths nationally and in Utah, demand modifications to court practices to protect public health.

    Courts and court operations are necessarily social operations, involving many people." Gen. Order 20-029 at 4. The court reached "this conclusion after carefully balancing the factors set forth in 18 U.S.C. § 3161(h)(7)(B)." *Id.*

8. On September 3, 2020, Stephen McCaughey, stand-by counsel for Defendant, emailed the court and expressed his concern about trying this case this Fall, explaining that, based on their age, the Defendant, Mr. McCaughey himself, and counsel for the United States all are at heightened risk from COVID-19. Mr. McCaughey also indicated the defense's interest in continuing the trial until January 2021. Counsel for the United States later indicated by email that at least two of the Government's witnesses will need to travel for the trial—one from Texas and the other from Colorado. Counsel for the United States indicated that his co-counsel will also need to travel for the trial from Washington D.C.

9. On September 11, 2020, the court held a status conference to discuss a further continuance of the trial date. The court advised the parties that although the United States District Court for the District of Utah was hopeful to resume jury trials in the near future, it had not yet done so and was still uncertain when it could do so. The court also indicated that the District had adopted safety protocols to mitigate the public health risks from the coronavirus pandemic and that, during the early phases of reopening, these protocols would allow only one jury trial in the courthouse at a time. The court explained that these protocols, and the resulting need to coordinate scheduling with other judges, limited its flexibility in scheduling trial dates, but that it could accommodate a firm trial date of January 25, 2021, provided that the District resumes jury trials before that date.

10. The Defendant is not currently detained, and Defendant, standby counsel, and the

    Government have all agreed to the continuance of the trial to January 25, 2020 and to the exclusion of time from November 16, 2020 through January 25, 2021 from Speedy Trial Act calculations.

11. Based on the foregoing findings and the factors set forth in § 3161(h)(7)(B), the court finds that failure to grant a continuance would likely "make a continuation of such proceeding impossible, or result in a miscarriage of justice." 18 U.S.C. § 3161(h)(7)(B)(i).

12. The court also finds that a failure to order a continuance could "unreasonably deny . . . the Government continuity of counsel." 18 U.S.C. § 3161(h)(7)(B)(iv).

13. In light of the grave public-health concerns related to the coronavirus pandemic and the foregoing findings, the court finds that "the ends of justice served by [continuing the trial] outweigh the best interest of the public and the defendant in a speedy trial." 18 U.S.C. § 3161(h)(7)(A).

*     *     *

For the foregoing reasons, the court orders that the trial scheduled to begin on November 16, 2020, at 10:00 a.m. is hereby continued until January 25, 2020, at 10:00 a.m. The time between November 16, 2020 and January 25, 2020, is excluded from Defendant's speedy trial computation for good cause. The deadlines in the current trial order and the date for the pretrial conference are vacated. The court will issue a Trial Order setting forth dates for filing of proposed juror voir dire, proposed jury instructions and trial briefs and other trial related matters within a reasonable period of time prior to the scheduled trial date.

    **IT IS SO ORDERED.**

DATED this 8th day of October, 2020.

BY THE COURT:

_____

Howard C. Nielson, Jr.
United States District Judge