IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>LOUIS DELYNN HANSEN,<br><br>Defendant. | **MEMORANDUM DECISION AND ORDER EXCLUDING TIME UNDER THE SPEEDY TRIAL ACT**<br><br>Case No. 2:16-cr-534<br><br>Howard C. Nielson, Jr.<br>United States District Judge |

On March 16, 2021, Chief Judge Shelby entered General Order 21-003. This order indicated that the court will resume criminal jury trials on a limited basis beginning April 29, 2021. Given the ongoing COVID-19 pandemic, the court has determined that it can safely hold only one trial at a time, subject to strict health and safety protocols. The order indicated that "[a]ll pending criminal cases awaiting trial have been triaged according to numerous criteria, including the age of the case, the custodial status of the defendant(s), the length of the trial required, and the availability of the presiding judge, counsel, and witnesses" and that "[t]rials are now scheduled according to those criteria in a manner to ensure uninterrupted use of the special proceedings courtroom"—which has been specially adapted to hold criminal juries in accordance with the court's health and safety protocols—"for the foreseeable future." Gen. Order 21-003 at 4–5. The Defendant's case has been included in the list of initial prioritized trials.

General Order 21-003 also made findings under the Speedy Trial Act, which the court specifically adopts and finds applicable here. Based on the General Order, and good cause appearing, the court makes the following findings:

1.	Defendant has been charged with attempting to evade or defeat tax and impeding internal revenue laws. *See* Dkt. No. 76 (superseding indictment) (citing 26 U.S.C. § 7201; 26 U.S.C. § 7212(a)).

2.	Defendant's initial appearance on the indictment returned in this matter was on November 17, 2016. *See* Dkt. No. 18.

3.	On July 12, 2017, a jury found the defendant guilty of Counts 1 and 2 of the indictment. *See* Dkt. No. 130.

4.	On September 4, 2019, the Tenth Circuit Court of Appeals vacated the jury verdict and ordered this court to conduct further proceedings consistent with its opinion. *See United States v. Hansen*, 929 F.3d 1238 (10th Cir. 2019).

5.	Magistrate Judge Pead held a status conference on October 8, 2019, and scheduled a 5-day jury trial to begin on November 12, 2019 at 10:00am. *See* Dkt. Nos. 199, 200.

6.	On October 18, Defendant requested, through his appointed counsel, a continuance of "not less than ninety days." Dkt. No. 205 at 1.

7.	The Defendant's motion to continue was granted and the trial was continued until January 27, 2020. *See* Dkt. No. 206.

8.	The Defendant filed another motion to continue on December 13, 2019. *See* Dkt. No. 229. The Defendant's motion was denied without prejudice due to a number of defects in the pleading and trial was set for January 24, 2020. *See* Dkt. Nos. 235, 236.

9.	The Defendant filed a revised motion to continue on January 3, 2020. *See* Dkt. No. 239. The motion was granted and trial set for April 20, 2020. *See* Dkt. No. 241.

10.	In response to the emergence of the COVID-19 pandemic, the court adopted General Order 20-009 on March 16, 2020, and the trial was continued until May 19, 2020. *See*

Dkt. No. 258. Pursuant to the order, all the time between the issuance of the order and the trial was excluded under the Speedy Trial Act. *See id*.

11. On April 28, 2020 the court adopted General Order 20-012 continuing all civil and criminal jury trials through June 15, 2020. *See* Gen. Order 20-012. On May 8, 2020, the court continued the trial from May 18, 2020 to July 6, 2020 and excluded "[a]ll time between May 1, 2020 to July 6, 2020 . . . under the Speedy Trial Act pursuant to the findings made in General Order 20-012." Dkt. No. 263.

12. On June 8, 2020 the Defendant filed a motion to continue the July 6, 2020 trial on the grounds that he needed additional time to prepare his defense. *See* Dkt. No. 266. On June 15, 2020, Magistrate Judge Bennett signed an order continuing the trial from July 6, 2020 to October 26, 2020 and excluding the time from July 6, 2020 to October 26, 2020 under the Speedy Trial Act. *See* Dkt. No. 267. On June 22, 2020, Judge Bennett signed an amended order setting the trial date for November 16, 2020, and excluding time through that date under the Speedy Trial Act. *See* Dkt. No. 268.

13. From June to the end of September, the court entered four additional General Orders like General Order 20-012, which collectively continued all civil and criminal jury trials through November 2, 2020. *See* Gen. Orders 20-017, 20-021, 20-026, 20-029. The period of time from June 15, 2020, through November 2, 2020 was excluded from the respective speedy trial calculations for the commencement of trial within the District, pursuant to 18 U.S.C. § 3161(h)(7)(A). *See id.* The court concluded that an "ends of justice" finding is "necessary and appropriate in the District of Utah at this time." *Id.* As the court explained, the expanding number of COVID-19 infections, hospitalizations, and deaths nationally and in Utah, demanded modifications to court practices to protect public health. *See id.*

14. On September 3, 2020, Stephen McCaughey, stand-by counsel for Defendant,

emailed the court and expressed his concern about trying this case this Fall, explaining that, based on their age, the Defendant, Mr. McCaughey himself, and counsel for the United States all are at heightened risk from COVID-19. Mr. McCaughey also indicated the defense's interest in continuing the trial until January 2021. Counsel for the United States later indicated by email that at least two of the Government's witnesses will need to travel for the trial—one from Texas and the other from Colorado. Counsel for the United States indicated that his co-counsel will also need to travel for the trial from Washington D.C.

15. On September 11, 2020, the court held a status conference to discuss a further continuance of the trial date. The court advised the parties that although the court was hopeful to resume jury trials in the near future, it had not yet done so and was still uncertain when it could do so. The court also indicated that the District had adopted safety protocols to mitigate the public health risks from the coronavirus pandemic and that, during the early phases of reopening, these protocols would allow only one jury trial in the courthouse at a time. The court explained that these protocols, and the resulting need to coordinate scheduling with other judges, limited its flexibility in scheduling trial dates, but that it could accommodate a firm trial date of January 25, 2021, provided that the District resumed jury trials before that date. The parties agreed to the continuance of the trial to January 25, 2020 and to the exclusion of time from November 16, 2020 through January 25, 2021 from Speedy Trial Act calculations.

16. From September 11, 2020 to January 22, 2021 the court entered two additional General Orders like General Order 20-012, which collectively continued all civil and criminal jury trials through April 1, 2021. *See* Gen. Orders 20-030, 21-001. The period of time from November 2, 2020, through April 1, 2021 was excluded from the respective speedy trial calculations for the commencement of trial within the District, pursuant to 18 U.S.C. § 3161(h)(7)(A). *See id.* The court again concluded that an "ends of justice" finding was "necessary and appropriate in the District of

Utah at this time" given the expanding number of COVID-19 infections, hospitalizations, and deaths nationally and in Utah. *Id.*

17. On March 9, 2021 the parties held a status conference to discuss potential trial dates. *See* Dkt. No. 290. The Government represented that it would be unable to proceed to trial on July 19, 2021, because counsel for the Government will be involved in a three-week trial that is scheduled to continue until July 16, 2021, and would therefore be unable to adequately prepare for this trial. The parties represented that they could proceed to trial on August 9, 2021, and a five-day trial was set to begin on that date.

18. Defendant, representing himself pro se, agrees with the need to continue the trial until that date and that his defense will not be hindered or prejudiced by the delay.

19. Counsel for the government also consents to the continuance.

20. Defendant is not in custody. There are no co-defendants.

21. On March, 16, 2021, Chief Judge Shelby entered General Order 21-003. This order indicated that the court will resume criminal trials, one at time, beginning April 29, 2021. This order also made detailed findings under the Speedy Trial Act and ordered that "the period of time between April 1, 2021, through June 30, 2021, is hereby EXCLUDED from the respective speedy trial calculations for both the return of an indictment and the commencement of trial within the District, pursuant to 18 U.S.C. § 3161(h)(7)(A)." Gen. Order 21-003.

22. Pursuant to the findings made in General Order 21-003, which the court specifically adopts and finds applicable to this case, the court finds that the ends of justice outweigh the interests of the public and the defendant in a speedy trial and require that all time beginning on April 1, 2021, and continuing through June 30, 2021, be excluded under the Speedy Trial Act. *See* 18 U.S.C. § 3161(h)(7)(A).

23. Based on the foregoing findings and the factors set forth in § 3161(h)(7)(B), as well

as the continuing COVID 19 pandemic, the court's need to conduct trials on a limited basis in accordance with strict health and safety protocols to protect the public health, the resulting limited capacity for criminal jury trials in the coming months, the parties' consent to the continuance, and the parties' need for adequate time to prepare for trial, the court finds that a further continuance until August 9, 2021 is warranted.

24. The court finds that failure to grant a continuance would likely "make a continuation of such proceeding impossible, or result in a miscarriage of justice." 18 U.S.C. § 3161(h)(7)(B)(i).

25. The court also finds that a failure to order a continuance could "unreasonably deny ...the Government continuity of counsel." 18 U.S.C. § 3161(h)(7)(B)(iv).

26. In light of the foregoing findings, the court finds that "the ends of justice served by [continuing the trial] outweigh the best interest of the public and the defendant in a speedy trial." 18 U.S.C. § 3161(h)(7)(A).

## ORDER

**THEREFORE**, the court orders that the time between April 1, 2021 and August 9, 2021 be excluded under the Speedy trial Act.

DATED this 31st day of March, 2021.

BY THE COURT:

Howard C. Nielson, Jr.
United States District Judge